# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

EDUCATIONAL IMPACT, INC.,

    Plaintiff,

v.

TERRANCE M. SCOTT,

    Defendant.

Case No. 2:16-cv-941
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff Educational Impact, Inc.'s Motion for Reconsideration of the Magistrate's March 22, 2017 Order granting Defendant Dr. Terrance M. Scott's Motion to Transfer Venue to the Western District of Kentucky. (ECF No. 30.) For the following reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

## I.

Plaintiff, Educational Impact, Inc. ("EI") initiated this suit in September 2016 against Defendant Terrance M. Scott ("Dr. Scott") seeking a Declaratory Judgment affirming that Dr. Scott's threatened Lanham Act claim and related state law claims are without merit. (Complaint ("Compl.") ¶ 1, ECF No. 1 (citing 28 U.S.C. § 2201; Fed. R. Civ. P. 57).) EI is a Pennsylvania corporation that develops, markets, and sells professional development programs for teacher evaluation and training, with its principal place of business in Landsdale, Pennsylvania. (*Id.* ¶¶ 2, 7.) Dr. Scott "is one of the founders of the positive behavior interventions and support movements ("PBIS")" for dealing with challenging behaviors in schools. (*Id.* ¶ 10.) He resides in Louisville, Kentucky and is a Professor and the Director of the University of Louisville's Center for Instructional and Behavioral Research in Schools. (Dr. Scott Affidavit ¶ 3, Defendant's

Motion to Transfer ("Def. Mot. to Transfer") Ex. 1, ECF No. 9-1.)

On September 13, 2004, Dr. Scott contracted with the Ohio Department of Education ("ODE") to give a professional development presentation on PBIS to a group of teachers in Columbus, Ohio. As part of the contract, ODE allegedly requested that EI be able to film the presentation and had Dr. Scott sign a "Talent Release" giving EI permission to use or publish images from the film for any purpose. (Compl. Ex. B, ECF No. 1-2.) Years later, on June 25, 2010, Dr. Scott sent EI an email expressing his displeasure with its use of his name on their website, to which EI responded and reminded Dr. Scott of the Talent Release he had signed at the 2004 ODE event. (Compl. ¶ 16.)

Dr. Scott alleges that he recently discovered EI had sold materials to the Jefferson County Kentucky Public Schools, where Louisville is located. (Def. Mot. to Transfer at 4.) The materials included the video of Dr. Scott's PBIS class from 2004. Dr. Scott learned about the sale after a representative from the school asked Dr. Scott to review the training program it had purchased from EI. (Defendant's Counterclaim ("Def. Countercl.") ¶ 7, ECF No. 10.) Dr. Scott also discovered that EI had a section on its website describing Dr. Scott as an expert for EI along with his image and bio from the University of Louisville faculty website. (Scott Aff. ¶ 10–11.) On July 5, 2016, Dr. Scott contacted EI to express his displeasure with EI's use of his name and materials on its website, apparently not realizing it was the same company from his previous email in 2010. (Compl. Ex. C at 2, ECF No. 1-3.) Dr. Scott argues that he believed he had signed the Talent Release with ODE giving the school permission to use the video for in-house purposes only, and did not intend to grant unlimited rights to his likeness to a third party corporation. (Scott Aff. ¶ 8.)

After EI reminded Dr. Scott about of the Talent Release again, Dr. Scott sent a letter to EI

2

demanding that it cease and desist using his name and likeness and also threatened litigation. In response, EI filed this lawsuit on September 30, 2016, asking the Court to declare that EI has the right to use Dr. Scott's identity and material for its commercial use. Dr. Scott has filed counterclaims against EI for false endorsement under the Lanham Act, violation of his statutory right of publicity, misappropriation of name and likeness for commercial gain, unjust enrichment, and seeks a judgment declaring the Talent Release as unenforceable. (Def. Countercl. ¶ 26–55.)

On November 8, 2016, Dr. Scott moved to transfer this case to the Western District of Kentucky, Louisville Division. (ECF No. 9.) On March 22, 2017, Magistrate Judge Kemp issued an Order granting Defendant's Motion to Transfer, concluding that transfer was appropriate given the relative burden and convenience to the parties and witnesses across various states. (*See* Order, ECF No. 29.) EI now moves for reconsideration of the Order on the grounds that the Magistrate Judge overlooked one of its arguments.

## II.

As a preliminary matter, EI does not specifically cite to 28 U.S.C. § 636(b)(1)(A) or Rule 72(a) of the Federal Rules of Civil Procedure as the basis for its motion, nor does it specify the particular procedural mechanism under which it moves for reconsideration. The two cases it cites in support concern reconsideration of a district judge's own order based on the inherent authority of a district court to reconsider interlocutory orders before entry of a final judgment. *See Sears v. Union Cent. Life Ins. Co.*, No. 1:04-CV-215, 2005 WL 5749546, at *2 (S.D. Ohio Nov. 28, 2005); *Ferron v. Echostar Satellite, LLC*, No. 2:06-CV-453, 2008 WL 341310, at *3 (S.D. Ohio Feb. 6, 2008). However, in his response in opposite, Dr. Scott views EI's Motion as an objection to a non-dispositive order of a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Because

3

the Order granting Dr. Scott's Motion to Transfer was a non-dispositive order issued by a magistrate judge, this Court also views EI's motion as an objection under § 636(b)(1)(A) and Rule 72(a).

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on non-dispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Thus, upon review of EI's objection to the Magistrate Judge's Order, and consistent with 28 U.S.C. § 636(b)(1)(A), this Court shall set aside any part of the Order found to be clearly erroneous or contrary to law. To establish that a Magistrate Judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Considerable deference is given to the determinations of magistrate judges; however, with respect to legal conclusions, this Court must exercise independent judgment. *Little Hocking Water Assn. v. E.I. DuPont de Nemours and Co.*, Case No. 2:09-cv-1081, 2015 WL 1105840, at *6 (S.D. Ohio Mar. 11, 2015) (citing *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

### III.

EI's sole objection is that the Magistrate Judge overlooked its first and lead argument that transfer to Kentucky would make several third-party witnesses in Ohio unavailable. Specifically, EI argues that potential third-party witnesses from ODE would not be subject to trial subpoenas in Louisville because they are not parties to the case, "meaning that the Plaintiff has no way to make them appear at trial more than 100 miles from their residences." (Plaintiff's Motion for

4

Reconsideration ("Pl. Obj.") at 2, ECF No. 30.)

However, it is clear from the Order, and EI effectively concedes, that the Magistrate Judge did consider this argument. (*See* Pl. Obj. at 3 ("The Court's opinion mentions the argument once . . .").) Judge Kemp begins his analysis of weighing the private interests for or against transfer by setting out the parties' arguments:

> In considering the private interests of the parties with respect to venue, the Court should consider the plaintiff's choice of forum, ease of access to relevant evidence, convenience of parties and witnesses, the availability of process to compel attendance of unwilling witnesses, and practical problems impacting the efficiency of the litigation. . . .
>
> The parties each argue that the private interest favor their choice of venue, *primarily due to the availability of witnesses*. Dr. Scott argues that no party to the case resides in Ohio, that the transaction that prompted Dr. Scott's cease and desist letter . . . occurred in Louisville, and that individuals involved in this aspect of his counterclaim are located in Louisville. . . *EI responds that the case arises out of the parties mutual relationships with [ODE], and that there are likely to be Ohio-based witnesses related to the [ODE] contract and the Talent Release.*

(Order at 6–7, ECF No. 29 (emphasis added) (citations omitted).) Thus, Judge Kemp explicitly recognizes that EI may wish to call various Ohio witnesses.

Despite EI's acknowledgement that Judge Kemp did address this argument at least once, it nevertheless argues that he again overlooked it in his concluding analysis. In the following paragraph, Judge Kemp concludes:

> Although Ohio is slightly closer to EI headquarters than is Louisville, *EI's witnesses will be required to travel whether the litigation is conducted in either forum*. Access to documentary or other non-witness evidence is not a significant issue here, given that most, if not all, of it is available online or in a digital format. Considering all these issues, including the relative inconvenience of the Ohio forum to both parties, and in light of the counterclaims brought by Dr. Scott based on the alleged transaction in Louisville, the private interest factors weigh in favor of a Kentucky venue.

(Order at 7 (emphasis added).) EI cites to the highlighted passage to show that the Magistrate Judge overlooked its argument regarding ODE witnesses because it implies that all of EI's

5

witnesses would have to travel, presumably referring to those individuals from the company's headquarters in Pennsylvania. However, the fact that the Magistrate Judge did not specifically mention the potential ODE witnesses in his conclusion does not mean he overlooked the argument. By summarizing the parties' arguments at the outset, Judge Kemp made clear the various factors he considered in his analysis. The concluding passage simply appears to reflect the argument he ultimately found most persuasive, which was that of the relative burden and convenience to the parties themselves. It is not unreasonable, or contrary to law, to give weight to the fact that neither party is located in Ohio and would have to travel whether the trial took place in Ohio or Kentucky, whereas the Defendant and other witnesses related to Defendant's counterclaim are all located in Kentucky.

After weighing the other factors such as the public interest and the relative congestion of the docket, Judge Kemp ultimately concluded:

> This case does not involve a situation where a large number of documents or an extraordinary number of witnesses are located at great distances from EI's chosen forum. EI has no particular connection to Ohio, and the parties are Pennsylvania and Kentucky residents, respectively. It appears that the only factors that would favor retention of this case in Ohio are that, at some point, Dr. Scott contracted with [ODE], the Talent Release was signed in Ohio, and the video training which comprises some of the disputed intellectual property was recorded in Ohio.

(Order at 9.) Thus, Judge Kemp again recognized EI's position with respect to the events that occurred in Ohio, but nevertheless disagreed as to their weight. It can be inferred that Judge Kemp found more significant the fact that neither party resides in Ohio, and given that witnesses in either Kentucky or Ohio would be unavailable depending on the venue, transfer to Kentucky where the Defendant resides and the events of his counterclaims arose was appropriate. Accordingly, EI has failed to show that the Magistrate Judge's order was clearly erroneous or contrary to law.

## IV.

For the reasons stated above, Defendant's Motion for Reconsideration (ECF No. 30) of the Magistrate Judge's Order (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

6-6-2017
**DATE**

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE